NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: CHARTER COMMUNICATIONS, INC.,**
*Petitioner*

2023-136

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:22-cv-00125-JRG, Chief Judge J. Rodney Gilstrap.

**ON PETITION**

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

**O R D E R**

Charter Communications, Inc. ("CCI") petitions this court for a writ of mandamus directing the United States District Court for the Eastern District of Texas to dismiss this case for improper venue. Entropic Communications, LLC ("Entropic") opposes the petition. For the following reasons, we deny the petition.

The following facts appear undisputed: CCI, which is a Delaware corporation, manages a large network of subsidiary companies that provide cable television and internet services to customers under the "Spectrum" brand

through the lease, sale, or distribution of set top boxes and cable modems. Spectrum Gulf Coast, LLC ("SGC") provides the services to customers in the Eastern District of Texas. Charter Communications, LLC ("CCL") employs all individuals who perform work for CCI's subsidiaries, including SGC. CCI's officers are also the officers of the subsidiaries.

Entropic brought this suit in the Eastern District of Texas, alleging that CCI's products and services infringe Entropic's patents. CCI moved to dismiss for improper venue. On May 3, 2023, the district court denied that motion, concluding that CCI "committed acts of infringement and has a regular and established place of business" in the Eastern District of Texas, 28 U.S.C. § 1400(b), relying on in-district Spectrum-branded stores operated by SGC. *See* App. 1–20. In finding venue proper, the district court rejected CCI's argument that its business was not being carried out from those in-district locations, finding that CCI was "actually operating the business" and "engaged in the challenged conduct" at the in-district stores. App. 5–6, 14. The district court also found that the employees working for CCL were acting as agents of CCI from those locations pursuant to management agreements that gave CCI material control over the operation of those stores. App. 10–12. The district court further found that CCI had ratified those locations as its own, explaining that CCI's nationwide website advertises the store locations and services and that CCI had negotiated and signed the lease agreements for the stores. App. 15–16. Alternatively, the district court found that the in-district activities of CCL and SGC "may be properly imputed to" CCI, explaining that CCI "unabashedly holds itself out to the world as a single enterprise" and the lines between the different corporations were simply "legal formalities." App. 16–19.

CCI now petitions this court for a writ of mandamus challenging that order. We have jurisdiction under 28 U.S.C. § 1651(a) and 28 U.S.C. § 1295(a)(1). To establish

entitlement to the "extraordinary remedy" of a writ of mandamus, a petitioner is required to show that: (1) it has "no other adequate means to attain the relief [it] desires;" (2) the right to the writ is "clear and indisputable;" and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations omitted). Under that demanding standard, "ordinarily, mandamus relief is not available for rulings on improper venue motions . . . because post-judgment appeal is often an adequate alternative means for attaining relief." *In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 159 (Fed. Cir. 2022) (cleaned up).

CCI has not shown that our intervention is necessary at this time. CCI primarily contends that the district court erroneously imputed the locations and business of its subsidiaries by focusing too much on whether CCI and its subsidiaries function as essentially a single entity and not properly considering other factors relevant under applicable regional circuit law. At most, CCI's arguments present a record-specific dispute: whether CCI exerts control sufficient to impute its subsidiaries' in-district operations to CCI under Fifth Circuit law. *See Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) (explaining "there may be instances in which the parent so dominates the subsidiary that they do not in reality constitute separate and distinct corporate entities" (internal quotation marks and citations omitted)). CCI's petition does not raise "the type of broad, fundamental, and recurring legal question" or other considerations that might warrant mandamus review. *Monolithic*, 50 F.4th at 160. We have considered CCI's remaining arguments, which we similarly conclude do not demonstrate sufficient justification for immediate review.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 5, 2023                            /s/ Jarrett B. Perlow
        Date                                 Jarrett B. Perlow
                                             Clerk of Court